**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES ROBERT HUGHES, | : | |
| | : | Civil Action No. 05-3122 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN D'AMICO, JR., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

| | |
|---|---|
| Plaintiff pro se | Counsel for Defendants |
| James Robert Hughes | Lisa A. Puglisi |
| SBI # 737797 | Deputy Attorney General |
| Adult Diagnostic & | Hughes Justice Complex |
|   Treatment Center | P.O. Box 112 |
| 8 Production Way | Trenton, NJ 08625 |
| Avenel, NJ 07001 | |

**LINARES**, District Judge

    Plaintiff James Robert Hughes, a prisoner currently confined at the Adult Diagnostic & Treatment Center at Avenel, New Jersey, seeks to bring this action alleging violations of his constitutional rights.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is currently serving a 30-year sentence for rape, imposed on December 20, 1978.  He has been eligible for consideration for parole since at least 1994.

Plaintiff contends that on January 20, 2005, the Defendants deliberately violated his constitutional right to a fair parole hearing by classifying him as a "2C" case[1] instead of a "2A" case for the purpose of using a different standard to justify denying parole.  Plaintiff contends that the standard for "2C" cases focuses on likely recidivism alone, but that the standard for "2A" cases considers rehabilitation and treatment as well. Plaintiff contends that use of the "2C" standard permits the Parole Board to apply punishment for Plaintiff's past criminal history and forces him to max-out on his indeterminate sentence.

Plaintiff names as defendants the individual members of the New Jersey State Parole Board.  He seeks both injunctive relief and damages.

---

[1] The Court construes the reference to a "2A" case as a reference to the Parole Act of 1948, (i.e., Title 2A of the old Criminal Code), and the reference to a "2C" case as a reference to the Parole Act of 1979, (i.e., Title 2C of the current Criminal Code).

2

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

A *pro se* complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 521 (quoting *Conley v.*

3

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

4

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F.Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." See Watson v. DiSabato, 933 F.Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

Prisoners may utilize § 1983 to challenge the constitutionality of parole procedures in actions seeking declaratory and injunctive relief. See Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

The question remains what process is due. Here, Petitioner contends that he has been deprived of due process by the application, to him, of a parole statute that came into effect after he was sentenced.

The Parole Act of 1948, in effect when Plaintiff committed the crime for which he is currently incarcerated, predicated parole eligibility on a finding "that there is a reasonable probability that, if such prisoner is released, he will assume his proper and rightful place in society, without violation of the law, and that his release is not incompatible with the welfare of society." N.J.S.A. 30:4-123.14 (repealed 1979). Thus, the parole decision is based upon evaluation of both likely recidivism and accomplishment of the punitive aspects of a prisoner's sentence.

Under the Parole Act of 1979, parole eligibility is predicated on likely recidivism alone. "An adult inmate shall be

released on parole ... unless information supplied in the report filed pursuant to [N.J.S.A. 30:4-23.54] or developed or produced at a hearing ... indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at such time." N.J.S.A. 30:4-123.53a (amended 1997). The 1979 Act shifted to the sentencing judge responsibility for accomplishing the punitive aspects of a sentence by imposing a mandatory minimum sentence for many crimes. See, e.g., N.J.S.A. 2C:43-6. Thus, for prisoners sentenced under the 1979 Act, it is presumed that the punitive aspects of the sentence will be accomplished by the time the mandatory minimum term is satisfied and the prisoner becomes eligible for parole consideration.

The parole eligibility standard of the Parole Act of 1979 applies to those who were serving a sentence at the time the 1979 Act took effect. N.J.S.A. 30:4-123.46a; Trantino v. New Jersey State Parole Bd., 154 N.J. 19, 27 (1998).[2]

---

[2] The standard was revised again in 1997; the 1997 amendment does not apply to inmates sentenced before its effective date. Trantino v. New Jersey State Parole Bd., 331 N.J. Super. 577, 605 (App.Div. 2000), aff'd in part, modified in part, 166 N.J. 113 (2001). The 1997 standard requires release on parole unless the evidence "indicates by a preponderance of the evidence the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole pursuant to [N.J.S.A. 30:4-123.59] if released on parole at that time." N.J.S.A. 30:4-123.53a. This Court does not construe the Complaint as alleging application of the 1997 standard.

Faced with an ex post facto challenge to application of the 1979 Parole Act to a prisoner sentenced under the 1948 act in Royster v. Fauver, 775 F.2d 527 (3d Cir. 1985), the Court of Appeals for the Third Circuit found that the standards of the two acts "are precisely the same. Under either statute, the Parole Board and reviewing court must consider recidivism and 'welfare of society,' or punitive aspects." Id. at 533. Thus, there is no constitutional violation in the imposition of a longer future eligibility term under the 1979 Act than a prisoner might have expected under the 1948 Act. Id. at 533-34. See also Mason v. Pinchak, 75 Fed. Appx. 867 (3d Cir. Aug. 13, 2003) (unpubl.) (same).

Plaintiff has failed to articulate any theory pursuant to which application of the Parole Act of 1979 to his parole decision was unlawful under New Jersey law or denied him due process under the Fourteenth Amendment. Indeed, contrary to Plaintiff's allegations, it is the Parole Act of 1948 that permits the Parole Board itself to consider both likely recidivism and accomplishment of the punitive aspects of the sentence. It is under the Parole Act of 1979 that the Parole Board considers only recidivism, because accomplishment of the punitive aspect of the sentence is built into the mandatory minimum sentences. Nor has this Court located any case law that suggests unlawfulness and that would assist the Court in

construing the Complaint liberally to discern a claim. Plaintiff has failed to state a claim.

## V.  CONCLUSION

For the reasons set forth above, the Complaint ordinarily would be subject to dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[3] An appropriate order follows.

                                              /s/ Jose L. Linares
                                              Jose L. Linares,
                                              United States District Judge

Dated: September 9, 2005

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.